In re Estate of T. W. Martin, deceased.    Appeal of W. H. Martin.

*Executors and administrators—Accounts—Review.*

The Supreme Court will not, in the absence of clear error, review a decree of the orphans' court against an executor, where it appears that the accounts of the executor were confused and unsatisfactory, and that the execution of his trust betrayed carelessness and mismanagement.

Argued Nov. 3, 1897.   Appeal, No. 100, Oct. T., 1897, by W. H. Martin, from decree of O. C. Allegheny Co., May T., 1896, No. 27, restating final account of said executor.   Before Sterrett, C. J., Green, Williams, McCollum, Mitchell, Dean and Fell, JJ.   Affirmed.

Exceptions to adjudication.

From the record it appeared that the accountant filed five different accounts, all showing great confusion.   The court restated the final account, disallowing credits for certain judgments and accounts not collected, and also reducing his claim for counsel fees and compensation, and charging him $3,000 with profits made out of decedent's business.   The court below filed no opinion setting forth facts and conclusions of law, but merely a decree restating the account.

*Errors assigned* were as to various refusals of allowances, and as to surcharges.

*H. L. Castle,* with him *James M. Nevin,* for appellant.

*J. J. Miller,* for appellees.

Per Curiam, January 3, 1898:

It is seldom that an executor or other trustee renders such a confused and unsatisfactory account of his stewardship as is exhibited in the accounts filed by the appellant and passed upon in this case.   Indeed, it would not be surprising if the court below, in endeavoring to bring order out of the confusion, should have been mistaken as to some items, to the prejudice of the accountant; but a careful examination of the record as pre-

sented has not convinced us that there is any such error. The appellees, doubtless weary of protracted and vexatious delays, are content to abide by the conclusion reached by the orphans' court; and there is no reason why the appellant should not be required to submit thereto. In view of the evidence of carelessness and, to say the least, mismanagement in the execution of the trust, the court appears to have dealt leniently with this appellant.

Without referring in detail to the specifications of error, it is sufficient to say that there is nothing in the record to justify us in sustaining any of them; and neither of them requires discussion.

Decree affirmed and appeal dismissed at appellant's costs.